USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/8/09

John Whitfield, 88A5199
Woodbourne Corr. Fac.
99 Prison Road, PO Box 1000
Woodbourne, NY 12788-1000

August 22, 2009

Andrew J. Peck
Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1370
New York, NY 10007



MEMO ENDORSED

Re: Whitfield v. O'Connell, et al.
09 Civ. 1925 (WHP)

Dear Judge Peck:

    I am the plaintiff in the above noted matter and I am writing to inform you that I received defendant Medilabs and Rush's affidavit on August 19, 2009. I am also writing to inform you that these defendants did not fully comply with this court's order. In addition, I am writing to inform this court that I have also served the enclosed 2nd set of Interrogatories and request for production of documents.

    Although Medilabs and Rush answered the requests connected to their Laboratory documents, they completely ignored the requests that did not require access to their documents in order to answer my discovery requests. For example, Interrogatories # 7 and # 10 were not answered, even though this court made clear that they were to be answered.

    Interrogatory # 7 states: "Explain, in detail, the steps that should be taken when a physician is confronted with a laboratory report indicating a patient's urine specimen contains bacteria" Interrogatory # 10 states: "Set forth, with specificity, all state and federal laws including statutes, regulations, ordinances, etc., that governs and controls the handling, testing and processing of laboratory specimens in which Medilabs adhere to."

    Obviously, defendants Medilabs and Rush did not need access to their laboratory records in order to answer these explicit and unambiguous discovery demands. Of greater significance, since defendant Rush has a "PhD" it was particularly inexcusable for him to fail to answer Interrogatory # 7. The failure to answer these requests constitutes evasive behavior designed to frustrate the discovery process and equally constitutes a disobedience of this court's order. Thus, a sanction, of some kind, should be imposed. Fed. R. Civ. Pro. Rule 37.

    Moreover, in view of the fact the defendants failed to present its expert witness, I request that this fact and the fact that they have waived the use of an expert witness in any further proceedings be noted in a written order.

    In addition, in view of the fact eight of the ten interrogatories involving my first set of interrogatories could not be answered because the laboratory documents could not be found or were destroyed, I request that these eight interrogatories not count toward my 25 Interrogatory limitation. Indeed, since the defendants could not answer my requests under any circumstance, it is unfair to fault me for their failure to preserve their records.

      I declare under penalty of perjury that the foregoing is true and correct. Executed August 22, 2009.

                                              Respectfully submitted,

                                              John Whitfield, 88A5197

cc: file
    AAG Christina Okereke
    Rachel Poritz, Esq.

**MEMO ENDORSED** 9/8/09

1. The Court rules of its [own?] [conform?] that interrogatories are [improper?] 7-d 10 an improper request for expert opinions that [legal?] entity, not facts, and thus I did not have to answer.

2. The Court, however, will not count the interrogatories [against?] the first [request?] of P's [limited?] [set?]

3. [Per?] Court suggests P speak [less often?] [from/for?] P. [Modifobs?/Roris?—dervne?] [with?] the DOCS [individual?] Ds.

SO ORDERED:

[signature]

Hon. Andrew Jay Peck
United States Magistrate Judge

[handwritten note] [copy?] [signature] (fax)

**BY FAX**

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT

Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

Dated: **September 8, 2009**                                  Total Number of Pages: **3**

| TO | FAX NUMBER |
|---|---|
| Christina Chinwe Okereke, Esq. | 212-416-6075 |
| Rachel H. Poritz, Esq. | 212-557-1336 |
|  |  |

**MEMO ENDORSED 9/8/09**

1. The Court ruled at the last conference that interrogatories such as numbers 7 and 10 were improper request for expert opinions and/or legal matters, not facts, and thus defendant did not have to answer.
2. The Court, however, will not count 8 interrogatories from the first set against plaintiff's limit of 25.
3. The Court suggests plaintiff spend less time focusing on defendant Metlabs/Rush and mor on the DOCS individual defendants.

Copy to: John Whitfield (Mail)